Joseph A. CROCE

v.

Debra CAWLEY.

No. 2002–399–Appeal.

Supreme Court of Rhode Island.

May 22, 2003.

Michael P. Robinson.

Richard Riendeau/John T. D'Amico, Jr., Providence.

## ORDER

The plaintiff, Joseph A. Croce, appeals from a Family Court order modifying an existing order governing the plaintiff's visitation with his son. The plaintiff had sought more visitation rights than the modification granted him, as well as joint custody, which was denied. We heard arguments from both sides on May 7, 2003, pursuant to an order that the parties show cause as to why the issues raised should not be summarily decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown, and that the case should be decided at this time. We deny the plaintiff's appeal.

The plaintiff and defendant, Debra Cawley, are the parents of a minor child who was born on September 28, 1994. The parties were never married, and the child has resided with defendant since birth. The defendant was awarded sole custody pursuant to a July 29, 1996 order of the Family Court. This order granted the plaintiff visitation rights on two days a week for a total of six-and-a-half hours per week. The plaintiff filed this motion on May 21, 2001, to modify the order, seeking joint custody and increased visitation. After a hearing, the Family Court justice

rendered a bench decision and issued an order on May 9, 2002, which modified the 1996 order. The order increased plaintiff's visitation rights, but denied joint custody. The plaintiff appealed.

The plaintiff claims that defendant had agreed to a de facto modification of the 1996 Family Court order and thus, in effect, the May 9, 2002 Family Court order represented a decrease in his visitation rights. There is no support for plaintiff's contention. The defendant denied that she agreed to modify the 1996 order and argued that, to the extent plaintiff's visitation schedule exceeded his rights as defined in the 1996 order, she never desired that development. Further, we point out that only the Family Court, and not the parties, has the power to modify a Family Court order. We thus consider the 2002 Family Court order as a modification of the 1996 order.

This Court reviews a Family Court's decision regarding a modification of a prior custody award for abuse of discretion. *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I. 1997). The foremost consideration in the determination of visitation rights is the best interest of the children. *Id.* "If the Family Court has properly considered what custody arrangements are in the best interests of the children, we will not disturb such a discretionary ruling." *Id.*

We hold that the Family Court justice did not abuse her discretion when she entered judgment granting the modification. The justice, in fact, considered her ruling to be a significant expansion of plaintiff's right to access his child. She stated:

"I find it incredible that he hasn't had vacations with his father. * * * I think this child needs to go overnight with his father for weekends, for summer vacations, for spring vacations to visit grandma in Florida. * * * He needs the experience of going with his father, because as Dr. Cade said, there is also a difference between the mom and the dad, and regardless of all that politically correct stuff that's flowing around here, fathers are extremely important. * * *

I am going to extend his visitation."

Despite extending his visitation rights, the Family Court justice maintained some limits which the plaintiff contests on appeal. First, she limited the plaintiff's weeknight visits to one day per week "for a couple of hours," after finding that longer and more frequent visits would be too exhausting for the child and would interfere with his homework. Second, the Family Court justice declined to grant the plaintiff joint custody after finding that he could not work in close cooperation with the defendant to make certain decisions in the best interest of the child. She specifically pointed to testimony indicating that the plaintiff did not work well with the defendant in addressing the defendant's concern for the child's allergy to cats and her request that the child not be allowed to play violent video games when visiting the plaintiff. We hold that the Family Court justice did not abuse her discretion in making either of these determinations because she properly considered, first and foremost, the best interest of the child.

Accordingly, we deny and dismiss the plaintiff's appeal, and affirm the judgment of the Family Court, to which we remand the papers in this case.

Justice FLAHERTY did not participate.